**Margaret Mumbi NJUGUNA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–74556.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 8, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Margaret Mumbi Njuguna, Tacoma, WA, pro se.

Charles E. Woode, Esquire, Federal Way, WA, for Petitioner.

Jamie M. Dowd, Esquire, Phillip Michael Truman, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

R. App. P. 34(a)(2).

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Margaret Mumbi Njuguna, a native and citizen of Kenya, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

■ Substantial evidence supports the BIA's adverse credibility determination based on inconsistencies regarding the number of times Njuguna was raped. *See id.* at 1043 (inconsistencies which are "not minor" and which go to the heart of petitioner's asylum claim will support an adverse credibility finding); *see also Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004) (a negative credibility finding will be upheld so long as one of the identified grounds underlying the finding is supported by substantial evidence and goes to the heart of the asylum claim). Accordingly, Njuguna's asylum claim fails.

■ Because Njuguna failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

As Njuguna's claim for CAT relief is based on the same evidence the BIA deemed not credible, and she points to no additional evidence that the BIA should have considered regarding the likelihood of torture if she is removed to Kenya, her CAT claim also fails. *See id.* at 1157.

Finally, we decline to address Njuguna's contentions that her asylum application was timely and that she is a member of a particular social group because the adverse credibility determination is dispositive of her asylum claim. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

